IRELL & MANELLA LLP
Layn R. Phillips (103854)
Andra Barmash Greene (123931)
Julie M. Davis (232488)
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Attorneys for Specially Appearing Defendant
YUM! Brands, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORAINE NARANJO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>YUM! BRANDS, INC., a corporation; TACO BELL CORP., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. SACV08-1389 DOC (MLGx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIALLY APPEARING NON-RESIDENT DEFENDANT YUM! BRANDS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Fed. R. Civ. P. 12(b)(2))**<br><br>[Declarations of John Daly and Bridgette Berry-Smith filed concurrently herewith]<br><br>Hon. David O. Carter<br>Courtroom 9D, Santa Ana Courthouse<br><br>Hearing Date: January 26, 2009<br>Hearing Time: 8:30 a.m. |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1980526

MEMO OF POINTS & AUTHORITIES
MOTION TO DISMISS

## I. INTRODUCTION

YUM! Brands, Inc. ("Yum"), a North Carolina corporation with its principal place of business in Louisville, Kentucky, is currently named as a defendant in this case with its subsidiary Taco Bell Corp. ("Taco Bell"). Pursuant to Federal Rule of Civil Procedure 12(b)(2), specially-appearing Yum respectfully requests that this Court dismiss the complaint of plaintiff Loraine Naranjo on the ground that there is no constitutionally sufficient basis for the Court to exercise personal jurisdiction over Yum. Yum does not have the contacts with California that due process requires to justify this Court's general or specific jurisdiction over it.

## II. FACTUAL BACKGROUND

Plaintiff Loraine Naranjo sued Taco Bell, Yum, and Does 1 through 50 in a complaint filed on November 5, 2008 in the Superior Court of the State of California for the County of Orange. Defendant Taco Bell removed this case to this Court on December 5, 2008.

Yum is a North Carolina corporation headquartered in Louisville, Kentucky. (Declaration of John Daly ("Daly Decl.") ¶ 2.) Yum is a holding company whose primary business is owning controlling interests in other corporations for investment purposes. (Id. ¶ 3.) Yum owns about 250 subsidiaries most of which are engaged in the restaurant business. (Id.) Taco Bell is one of these subsidiaries, which Yum acquired in 1997. (Id. ¶ 4.) Yum and Taco Bell are separate and independent corporations.

Yum transacts no business in California. (Id. ¶ 10.) In fact, Yum is not authorized or licensed to do business in California; it is not qualified with the California Secretary of State as a foreign corporation. (Id. ¶ 5.) Yum has no agent for service of process, sales representatives or employees in California and it pays no California taxes. (Id. ¶¶ 6-7.) Yum does not own any real or personal property in California, nor does it maintain an office or mailing address in the state. (Id. ¶ 8.) Yum does not maintain a bank account or deposit account in California. (Id. ¶ 9.)

In contrast, Taco Bell conducts business in California, including owning and operating over 200 restaurants in California and employing several thousand workers in the state. (Declaration of Bridgette Berry-Smith ("Berry-Smith Decl.") ¶ 5.) Additionally, Taco Bell owns personal property in California and leases real property for its restaurant locations. (Id.) Taco

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1980526

- 1 -

MEMO OF POINTS & AUTHORITIES
MOTION TO DISMISS

Bell also maintains multiple bank accounts in California and pays income taxes in the state. (Id.) Taco Bell, not Yum, is responsible for its own day-to-day decision making, including decisions regarding employee compensation, reimbursement and record keeping. (Id. ¶ 4; *see also* Daly Decl. ¶ 12.) Taco Bell's executives have complete discretion to make all decisions with regard to the operation and management of restaurants owned by Taco Bell. (Berry-Smith Decl. ¶ 4; Daly Decl. ¶ 12.) Yum played no role in the alleged conduct that Plaintiff complains of in her Complaint. Specifically, Plaintiff alleges that, during her employment at a Taco Bell, her employer did not comply with various provisions of the California Labor Code governing overtime pay, the minimum wage, timely payment of wages at termination, reimbursement of employee work-related expenses, and payment of accrued vested vacation pay upon termination. (Compl. ¶¶ 9-65.) Plaintiff further alleges that this purported conduct gives rise to a claim under California Business and Professions Code §§ 17200, et seq. (Compl. ¶¶ 66-72.) But Taco Bell, not Yum, was Plaintiff's employer. (Berry-Smith Decl. ¶ 6.) Yum is not involved in the day-to-day operation of Taco Bell or restaurants owned and operated by Taco Bell. (See id. ¶ 4; Daly Decl. ¶ 12.) Nor does Yum set policies for Taco Bell or Taco Bell company-owned restaurants including, without limitation, policies concerning employee pay, record keeping and reimbursement. (Daly Decl. ¶ 12.) Yum played no role in the alleged conduct Plaintiff complains of in her Complaint.

### III. YUM'S ATTENUATED CONTACTS WITH CALIFORNIA DO NOT SUPPORT THE EXERCISE OF PERSONAL JURISDICTION OVER IT BY A CALIFORNIA COURT

A court cannot proceed against a defendant over which it lacks personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2); *Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 712 (1982). As the party invoking the Court's jurisdiction, Plaintiff bears the burden of proving that personal jurisdiction over YUM exists. *Data Disc, Inc. v. Sys. Tech. Assocs*, 557 F.2d 1280, 1285 (9th Cir.1977); *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). In determining whether Plaintiff has made the requisite showing, the Court may go beyond the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1980526

- 2 -

MEMO OF POINTS & AUTHORITIES
MOTION TO DISMISS

pleadings and consider discovery materials, affidavits or declarations submitted by the parties. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996).

California's personal jurisdiction law is applied in this diversity case. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. Cal. 1998); *see also Brand v. Menlove Dodge*, 796 F.2d 1070, 1072-73 (9th Cir. 1986) ("'In a case based on diversity jurisdiction, a federal court applies the personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process.'") (quoting *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)). California's long-arm statute permits the exercise of personal jurisdiction to the fullest extent permitted by due process. *See* Cal. Civ. Proc. Code § 410.10; *Panavision*, 141 F.3d at 1320. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004). Personal jurisdiction satisfies due process only where there are "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washintion*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

"Sufficient minimum contacts will give rise to either specific or general jurisdiction." *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002). When a defendant's contacts with the forum state are substantial or continuous and systematic enough to approximate physical presence, general jurisdiction may be exercised over that defendant for any cause of action. *See id.*; *see also Schwarzenegger*, 374 F.3d at 801. The more limited "specific jurisdiction" exists over a defendant for causes of actions that "arise from, or are directly related to" the defendant's contacts with the forum. *Revell*, 317 F.3d at 470; *see also Schwarzenegger*, 374 F.3d at 802.

Here, Plaintiff cannot demonstrate a constitutionally sufficient basis for the exercise of either general or specific personal jurisdiction over Yum by this Court.

**A.    YUM's Minimal Contacts With California Do Not Support General Jurisdiction.**

As noted above, general jurisdiction may only be exercised over a nonresident defendant whose contacts "'approximate physical presence' in the forum state." *Schwarzenegger*, 374 F.3d at

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1980526

- 3 -

MEMO OF POINTS & AUTHORITIES
MOTION TO DISMISS

801. "This is an *exacting standard*, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.* (emphasis added). Consequently, the Ninth Circuit has declined to find general jurisdiction even where the contacts are quite extensive. *See, e.g.*, *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990) (advertising and soliciting of business in forum, payments to agents in forum, and sales to residents of forum insufficient), *rev'd on other grounds*, 499 U.S. 585 (1991); *Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir. 1984) (advertising in forum and employees and customers residing in forum insufficient), *cert. denied*, 470 U.S. 1085 (1985); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330-31 (9th Cir. 1991) (1984) (solicitation of contract in forum, numerous visits to the forum, and numerous letters, telexes, and telephone calls to forum insufficient), *cert. denied*, 471 U.S. 1066 (1985).

Here, Yum's contacts with California fall far short of the "continuous and systematic" contacts required to justify general jurisdiction. *Schwarzenegger*, 374 F.3d at 801. Yum is a North Carolina corporation with its principal place of business in Kentucky. (Daly Decl. ¶ 2.) Yum is not authorized or licensed to do business in California; it is not qualified with the California Secretary of State as a foreign corporation. (Daly Decl. ¶ 5.) Yum has no agent for service of process, sales representatives, or employees in California, and it pays no California taxes. (*Id.* ¶¶ 6-7.) Yum does not own property, maintain an office or mailing address in California. (*Id.* ¶ 8.) Yum also does not maintain a bank account or deposit account in California. (*Id.* ¶ 9.)

In short, Yum's contacts with California are not the type of "'continuous and systematic general business contacts' that 'approximate physical presence,'" which are required to justify this Court's exercise of general personal jurisdiction over Yum. *Schwarzenegger*, 374 F.3d at 801(internal citations omitted). Thus, Plaintiff cannot establish that general personal jurisdiction over Yum by this Court is warranted.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1980526

- 4 -

MEMO OF POINTS & AUTHORITIES
MOTION TO DISMISS

### B. Specific Jurisdiction Over Yum Is Not Proper Because Plaintiff's Claims Do Not Arise Out Of Yum's Indirect Contacts With California.

Similarly, Plaintiff cannot establish that specific personal jurisdiction over Yum is proper in this case. The Ninth Circuit has established a three-prong test to apply when determining whether the exercise of specific jurisdiction is proper: (1) the "nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; (2) plaintiff's claims must arise out of or result from the defendant's forum-related activities; and (3) the exercise of personal jurisdiction must be reasonable." *Roth v. Garcia Marquez*, 942 F.2d 617, 620-21 (9th Cir. 1991); *accord Panavision*, 141 F.3d at 1320. Plaintiff is unable to make this required showing.[1]

Plaintiff cannot carry her burden under the test's first prong. To survive this motion to dismiss, Plaintiff must establish that Yum has "purposefully availed" itself of the privilege of conducting activities in California. "In order to have purposefully availed oneself of conducting activities in the forum, the defendant must have performed some type of affirmative conduct which allows or promotes the *transaction of business* within the forum state." *Sinatra v. National Enquirer*, 854 F.2d 1191, 1195 (9th Cir. 1988) (emphasis added). But, as explained above, Yum does not transact business in California, and thus has not "purposefully availed" itself of the "privilege of conducting activities in the forum" *Id.* Moreover, Defendant *Taco Bell's* conduct of business and presence in California cannot be attributed to its parent company, Yum. *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007) ("It is well established that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities, the presence of one... in a forum state may not be attributed to the other."); *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001) ("The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum.").

---

[1] Plaintiff bears the burden of satisfying the first two prongs of the test. *Schwarzenegger*, 374 F.3d at 802. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1980526

- 5 -
MEMO OF POINTS & AUTHORITIES
MOTION TO DISMISS

Likewise, Plaintiff cannot carry her burden under the test's second prong. Plaintiff cannot establish that Yum's California activities gave rise to the claims alleged in her complaint. *Roth*, 942 F.2d at 620-21; s*ee also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). Yum's limited contacts with California have no connection with Plaintiff's claims, which are all based on *Taco Bell's* activities in California. In fact, Plaintiff does not even allege that Yum played a role in Taco Bell's California activities. Thus, Plaintiff cannot establish that her claims arose out of or resulted from Yum's limited and indirect California activity. As a result, this Court has no basis to exercise specific personal jurisdiction over Yum. *Roth*, 942 F.2d at 620-21.

Finally, it would be unreasonable to hale Yum into a California court. The third prong's reasonableness inquiry turns on "'the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief.'" *Casualty Assurance Risk Ins. Brokerage Co. v. Dillon*, 976 F.2d 596, 599 (9th Cir. 1992). In this case, the burdens on Yum of litigating in California would be substantial as Yum is a North Carolina corporation that conducts all of its business from Louisville, Kentucky. Consequently, Yum's employees and business documents would have to be transported from Kentucky to defend this case.

More significantly, this is not a case in which dismissal of a nonresident defendant will leave the plaintiff without a remedy. The causes of action that Plaintiff has alleged against Yum are identical to the causes of action alleged against Taco Bell. Taco Bell has submitted to this Court's jurisdiction, and there is no evidence that Taco Bell would be unable to pay any adverse judgment. Thus, no interest of the Court or Plaintiff will be furthered by Yum's inclusion in this matter and no interest will be hindered by granting this motion.

## IV. CONCLUSION

Yum did not employ Plaintiff, and played no role in her employment with Taco Bell. All of the activities at issue in this action took place in California, and did not involve Yum. Thus,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1980526

- 6 -

MEMO OF POINTS & AUTHORITIES
MOTION TO DISMISS

Yum has had no contacts with California that are relevant to this controversy. Accordingly, Yum respectfully requests that this Court grant its motion to dismiss Plaintiff's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Dated:  December 15, 2008　　　　　　　　　　IRELL & MANELLA LLP

　　　　　　　　　　　　　　　　　　　　　By:　　　/s/ Julie M. Davis
　　　　　　　　　　　　　　　　　　　　　　　　Julie M. Davis
　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Specially Appearing Defendant
　　　　　　　　　　　　　　　　　　　　　　　　YUM! Brands, Inc.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1980526

- 7 -

MEMO OF POINTS & AUTHORITIES
MOTION TO DISMISS

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324.

On December 15, 2008, I served the foregoing document described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIALLY APPEARING NON-RESIDENT DEFENDANT YUM! BRANDS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Fed. R. Civ. P. 12(b)(2))** on each interested party, as follows:

| VIA U.S. MAIL | VIA E-FILING |
|---|---|
| Peter M. Hart, Esq.<br>**Law Offices of Peter M. Hart**<br>13952 Bora Bora Way, F-320<br>Marina del Rey, CA  90292<br>hartpeter@msn.com<br>Telephone No.: 310-478-5789<br>Facsimile No.:  509-561-6441 | Larry W. Lee, Esq.<br>**Diversity Law Group, APC**<br>lwlee@diversitylaw.com<br><br>Kenneth H. Yoon, Esq.<br>**Law Offices of Kenneth H. Yoon**<br>kyoon@yoon-law.com |

[X] (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Newport Beach, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on December 15, 2008 at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

|   |   |
|---|---|
| Sarah Jones (s-jones@irell.com)<br>(Type or print name) | /s/ Sarah Jones<br>(Signature) |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1980526

- 8 -

MEMO OF POINTS & AUTHORITIES
MOTION TO DISMISS