IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MEDLOCK, individually and on behalf of other members of the general public similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>TACO BELL CORP., et al.,<br><br>　　　　　　Defendants. | No. CV-F-07-1314 OWW/DLB<br>No. CV-F-08-1081 OWW/DLB<br>No. CV-F-09-0200 OWW/DLB<br>No. CV-F-09-0246 OWW/DLB<br><br>MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR CONSOLIDATION OF PENDING ACTIONS (Docs. 92, 29, 25, 37); DENYING MEDLOCK'S MOTIONS TO INTERVENE AND STAY (Docs. 28, 40); GRANTING MEDLOCK'S MOTION TO APPOINT INITIATIVE LEGAL GROUP AS INTERIM LEAD COUNSEL (Docs. 94, 31, 27, 39); DIRECTING FILING OF CONSOLIDATED COMPLAINT; VACATING ALL DATES; AND ORDERING CASE MANAGEMENT CONFERENCE ON CONSOLIDATED COMPLAINT FOR THURSDAY, JUNE 25, 2009 AT 8:15 A.M. |

　　　Before the Court are Defendants motions for consolidation of pending actions pursuant to Rule 42(a), Federal Rules of Civil Procedure. The actions sought to be consolidated are:

　　　　1.　Sandra Medlock, individually and on

1

| | |
|---|---|
| 1 | behalf of other members of the general public similarly situated v. Taco Bell Corp., Taco Bell of America, Inc., Taco Bell Foundation, Inc., Northern California Taco Bell Association, Inc., Taco Bell, YUM!, YUM! Brands, Inc., YUM! Brands, and Does 1-10; No. CV-F-07-1314 OWW/DLB |
| 2 | 2. Lisa Hardiman, individually and on behalf of all others similarly situated and as an aggrieved employee pursuant to the Private Attorneys General Act (PAGA) v. Taco Bell Corp., Taco Bell of America, Inc., Taco Bell Foundation, Inc. and Does 1-10; No. CV-F-08-1081 OWW/DLB; |
| 3 | 3. Miriam Leyva, individually and on behalf of other members of the general public similarly situated v. Taco Bell Corp., YUM! Brands, Inc. and Does 1-10; No. CV-F-09-200 OWW/DLB |
| 4 | 4. Loraine Naranjo, individually and on behalf of all others similarly situated v. YUM! Brands, Inc., Taco Bell Corp., and Does 1-50; No. CV-F-09-246 OWW/DLB |

Also before the Court is Plaintiff Sandrika Medlock's motion for appointment of Initiative Legal Group, LLP as Interim Lead Counsel pursuant to Rule 23, Federal Rules of Civil Procedure, if the Court wholly or partially grants the motions for consolidation.

Also before the Court is Plaintiff Medlock's motion to intervene and for stay filed in the Leyva action and in the Naranjo action.

These motions were heard on May 11, 2009. At the conclusion of that hearing, respective Plaintiffs' counsel were ordered to meet and confer and submit statements by May 15, 2009 regarding their proposals for consolidation. A further hearing on the

motions was held on May 18, 2009.

**A. MOTIONS FOR CONSOLIDATION.**

Defendants' move for consolidation of these four class action lawsuits pursuant to 28 U.S.C. § 42(a).

**1. Governing Standards.**

Rule 42 provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Once a common question has been established, "consolidation is within the broad discretion of the district court." *Paxonet Communs., Inc. v. Transwitch Corp.*, 303 F.Supp.2d 1027, 1028-1029 (N.D.Cal.2003). But "even where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *See In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 447 (D.N.J.1998). To determine whether to consolidate, the interest of judicial convenience is weighed against the potential for delay, confusion, and prejudice caused

by consolidation. *Id.* Factors such as differing trial dates or stages of discovery usually weigh against consolidation. 9 Wright & Miller, Federal Practice and Procedure § 2383 (2006). The moving party bears the burden of showing consolidation is appropriate. *In re Consol. Parlodel Litig.*, 182 F.R.D. at 447.

2. **BACKGROUND**.

   a. *Medlock Action*.

On September 7, 2007, Plaintiffs Sandrika Medlock and Lisa Hardiman, represented by the Initiative Legal Group, LLP (hereafter "Initiative") filed a class action complaint against Defendants Taco Bell Corp., Taco Bell of America, Inc., Taco Bell Foundation, Inc., Northern California Taco Bell Association, Inc., Taco Bell, YUM!, YUM! Brands, Inc., YUM! Brands, (hereafter referred to collectively as "Yum"), and Does 1-10. On September 10, 2007, Plaintiff Sandrika Medlock filed a first amended class action complaint (FAC) against the same defendants. Plaintiff Hardiman filed a separate action. *See discussion infra.* The proposed class is alleged to be "[a]ll non-exempt or hourly paid employees who have been employed by Defendants in the State of California within four years prior to the filing of this complaint until resolution of this lawsuit." The FAC alleges causes of action:

> 1. for failure to pay unpaid balance of overtime compensation as required by California Labor Code §§ 510 and 1198, entitling Medlock and other class members to recovery of unpaid overtime compensation, interest, costs and attorneys' fees pursuant to California Labor Code § 1194;

4

2. for failure to pay Medlock and other class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of their discharge or within 72 hours of leaving Defendants' employ in violation of California Labor Code §§ 201-202, entitling Medlock and class members to recover a statutory penalty for each day they were not paid, at their regular rate of pay, up to a 30 day maximum pursuant to California Labor Code § 203;

3. Medlock and other class members who were scheduled to work for a period no longer than 6 hours and who did not waive their legally-mandated meal periods by mutual consent were required to work for periods longer than 5 hours with a meal period of not less than 30 minutes; Medlock and other class members who were scheduled to work more than 6 hours were required to work for periods longer than 5 hours without a meal period of not less than 30 minutes; Medlock and other class members who were scheduled to work in excess of 10 hours but not longer than 12 hours and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of 10 hours without receiving a second meal period of less than 30 minutes; Medlock and other class members who were scheduled to work for a period of time in excess of 12 hours were required to work for periods longer than 10 hours without a meal period of not less than 30 minutes; all in violation of applicable Industrial Welfare Commission Wage Orders and California Labor Code §§ 227.7(a) and 512(a), entitling Medlock and other class members to recover one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the meal period was not provided pursuant to California Labor Code § 226.7(b).

4. For requiring Medlock and other class members to work in excess of 4 hours without providing a 10 minute rest break and for requiring Medlock and other class members to work an additional 4 hours without providing a second 10 minute rest break, all in violation of applicable Industrial Welfare

> Commission Wage Orders and California Labor Code §§ 227.7(a), entitling Medlock and other class members to recover one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided pursuant to California Labor Code § 226.7(b).
>
> 5. For failure to provide Medlock and other class members with complete and accurate wage statements that include, among other things, Medlock and other class members' proper social security numbers and total hours worked, in violation of California Labor Code § 226(a), entitling Medlock and other class members to recover from Defendants the greater of their actual damages or an aggregate penalty not exceeding $4,000, costs and reasonable attorneys' fees pursuant to California Labor Code § 226(e), and injunctive relief to ensure compliance with Section 226(a).
>
> 6. For failure to reimburse Medlock and other class members for required shoes, clothing and related fees and deposits that resulted from their employment with Defendants in violation of California Labor Code §§ 2800 and 2802, entitling Medlock and other class members to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest, costs, and attorneys' fees.
>
> 7. For violation of California Business & Professions Code §§ 17200 *et seq.* based on the alleged violations of the California Labor Code, entitling Medlock and other class members to restitution of wages withheld and retained by Defendants for a period that commences four years prior to the filing of the complaint, a permanent injunction requiring Defendants to pay all outstanding wages due to Medlock and other class members, attorneys fees and costs.

Defendant Yum filed a motion to dismiss for lack of personal jurisdiction. Plaintiff Medlock filed a statement of non-

opposition to the motion to dismiss.  By Order filed on January 10, 2008, this action was dismissed against Defendant Yum for lack of personal jurisdiction.  By Stipulation and Order filed on August 5, 2008, the action was dismissed without prejudice against Defendant Taco Bell Foundation, Inc.

By Stipulation and Order filed on February 24, 2009, the hearing on the motion for class certification is set November 2, 2009 with Plaintiff Medlock's opening brief due to be filed on July 1, 2009.

                        b.    *Hardiman* Action.

On April 11, 2008, Plaintiff Lisa Hardiman, represented by the Initiative Legal LLP, filed a class action complaint in the Fresno County Superior Court.  The action was removed to this Court on July 25, 2008.  On October 27, 2008, Hardiman "individually and on behalf of all other similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act (PAGA)," filed a second amended class action complaint against Defendants Taco Bell Corp., Taco Bell of America, Inc., Taco Bell Foundation, Inc., and Does 1-10.  The class is alleged to be ""[a]ll non-exempt or hourly paid employees who have been employed by Defendants in the State of California within four years prior to the filing of this complaint until resolution of this lawsuit."

The SAC alleges that Hardiman intends to seek penalties for violations of the California Labor Code, which are recoverable under California Labor Code §§ 2699 *et seq.*, on behalf of the

State of California of which 75% will be kept by the state and 25% of which will be available to aggrieved employees. Other than the addition of allegations of entitlement to civil penalties on behalf of Hardiman and "other aggrieved employees" to each cause of action, and two causes of action, the SAC identical causes of action to those alleged in the *Medlock* Action alleges causes of action. The two causes of action not alleged in the *Medlock* Action are:

> 1. For failure to pay overtime compensation at 1½ times the regular hourly rate to Hardiman and other class members and other aggrieved employees who consistently worked in excess of 8 hours in a day, in excess of 12 hours in a day, or in excess of 40 hours in a week, all in violation of California Labor Code §§ 510 and 1198, entitling Hardiman and other class members to recovery of their unpaid overtime compensation, interest, costs and attorneys' fees pursuant to California Labor Code § 1194, and entitling Hardiman and other aggrieved employees to recover civil penalties of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees.
>
> ...
>
> 6. For failure to pay Hardiman, the other class members and other aggrieved employees the regular and overtime wages due to them within any time period permissible by California Labor Code § 204, entitling Hardiman and other class members to recover all remedies available for violations of Section 204, and entitling Hardiman and other aggrieved employees to recover civil penalties of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus

costs and attorneys' fees.

        c.   *Leyva* Action.

On June 16, 2008, Plaintiff Miriam Leyva, represented by Timothy J. Donahue, filed a class action complaint in the Los Angeles County Superior Court, individually and on behalf of other members of the general public similarly situated. After the filing of a first amended class action complaint against Defendants Taco Bell Corp., Yum, and Does 1-10, the action was removed to the United States District Court for the Central District of California on January 22, 2009. The action was transferred from the Central District to this Court on February 2, 2009. The FAC alleges that Leyva and other class members worked for Defendants during the last four years. The FAC alleges the classes as "[a]ll former and current restaurant workers employed in California by defendants, within the applicable statute of limitations:"

> 1.   Class I: ... that were not paid overtime premium wages for all overtime work performed.
>
> 2.   Class II: ... but failed to receive proper meal periods and failed to receive one hour of pay at the regular rate of pay, for each missed meal.
>
> 3.   Class III: ... but failed to receive proper rest periods and failed to receive one hour of pay, at the regular rate of pay, for each missed rest period.
>
> 4.   Class IV: ... that were denied wages due upon termination.
>
> 5.   Class V: ... that were not provided with

```
                proper and correct itemized pay statements.

                6.   Class VI: ... that were subject to
                defendants' unlawful business practices,
                including violation of Labor Code § 132(a)
                for discrimination based on the occurrence of
                an on the job injury.
```

Other than the Sixth Cause of Action, the *Leyva* action alleges essentially identical causes of action to those alleged in the *Medlock* and *Hardiman* actions (except that neither the *Medlock* or the *Leyva* action seek to recover statutory penalties on behalf of "other aggrieved employees" and does not allege causes of action for failure to pay wages and for repayment of wages as alleged in the *Hardiman* Action).

The Sixth Cause of Action alleges that Leyva suffered an on the job injury and requested medical treatment; that instead of providing medical care and disability benefits, Defendants told Leyva that she would be fired if she did not quit; that Defendants presented Leyva with a resignation letter and when it was not signed by Leyva, Leyva was fired, constituting wrongful termination in violation of public policy. This cause of action is unique to the *Leyva* action and is not a class action claim.

                  d.   *Naranjo* Action.

On November 5, 2008, Loraine Naranjo, represented by the Law Offices of Peter Hart, the Diversity Law Group, and the Law Offices of Kenneth H. Yoon, filed a class action complaint in the Orange County Superior Court, naming as Defendants Yum, Taco Bell Corp., and Does 1-50. The action was removed to the United States District Court for the Central District of California on

December 5, 2008 and was transferred to this Court on February 9, 2009. The class is described as "(1) all past and current employees of Defendants who were employed in California from November 5, 2004 through the present who were not reimbursed for all work-related expenses; (2) all past employees of Defendants employed in California from November 5, 2004 through the present who accrued vacation wages that were not cashed out or used and not paid out at the end of employment or within 72 hours thereof, and (3) all past and current employees classified as non-exempt by Defendants from November 5, 2004 through the present who, as part of their work, traveled between stores or to off-site training."

The *Naranjo* action alleges causes of action for failure to indemnify employees for expenses in violation of California Labor Code § 2802; failure to pay overtime wages in violation of California Labor Code § 1194; failure to keep accurate records in violation of California Labor Code § 226; and for violation of California Business & Professions Code §§ 17200 *et seq*. All of these causes of action are alleged in the *Medlock, Hardiman,* and *Leyva* actions. The *Naranjo* Action does not allege causes of action for termination wages, meal breaks, and rest breaks that are alleged in the *Medlock, Hardiman*, and *Leyva* Actions, and does not allege causes of action for failure to pay wages and repayment of wages alleged in the *Hardiman* Action.

The *Naranjo* action also alleges causes of action for failure to pay minimum wages in violation of California Labor Code § 1194

and failure to pay unused vested vacation wages in a timely fashion at the end of employment in violation of California Labor Code § 227.3. These causes of action are unique to the *Naranjo* action.

Prior to transfer of the *Naranjo* Action to this Court, Defendant Yum, filed a motion to dismiss for lack of personal jurisdiction. The motion was opposed by Plaintiff Naranjo. By minute order filed on January 20, 2009, the Central District denied the motion to dismiss, ruling that Plaintiff Naranjo had made a prima facie showing of specific personal jurisdiction over Defendant Yum in California.

       3.    <u>MERITS OF CONSOLIDATION MOTIONS</u>.

There is no dispute that the class action claims brought in the four actions overlap significantly. At the hearing on May 18, 2009, the parties conceded that consolidation of these four actions is appropriate.

Defendants' motions to consolidate are GRANTED. These actions are consolidated for all purposes, including trial.[1]

B.    <u>MEDLOCK'S MOTION FOR APPOINTMENT OF INITIATIVE LEGAL GROUP LLP AS INTERIM LEAD COUNSEL</u>.

Plaintiff Medlock moves the Court to appoint her counsel, Initiative Legal Group LLP ("Initiative") as interim lead counsel in the event the Court wholly or partially grants Defendants'

---

[1] **Because Defendants' motions for consolidation are granted, Medlock's motions to intervene in the *Leyva* and *Naranjo* Actions for the limited purpose of staying those actions are DENIED.**

motions to consolidate the four cases.

Rule 23(g)(3), Federal Rules of Civil Procedure, provides that "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."

As explained in Newburg & Conte, *Newburg on Class Actions,* § 9.34, "lead or general counsel are assigned much broader responsibilities for briefing and arguing motions, filing opposing briefs, initiating and conducting pretrial discovery, and other duties." *Newburg* further explains:

> The court should always encourage the parties to agree on lead counsel, while imposing its own choice only in extraordinary circumstances. The first attorney to file is not entitled to special consideration for appointment as lead counsel simply by winning the case to the courthouse. Generally, the relevant priority of commencing lawsuits is but one of several relevant factors in the selection of lead counsel. Others include experience and prior success record, the number, size, and extent of involvement of represented litigants, the advanced stage of the proceedings in a particular suit, and the nature of the causes of action alleged.

*Id.* at § 9.35.

Rule 23(g)(1)(A) provides that the court must consider the following factors when appointing class counsel:

> (I) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable

13

>                law; and
>
>                (iv) the resources counsel will commit to
>                representing the class.

No party contests that Initiative is qualified to act as Interim Lead Counsel. Initiative's declarations in support of this motion amply substantiate Initiative's experience and ability to act as Interim Lead Counsel.

Naranjo only objects to this motion if the Court orders consolidation of all claims in the four actions. Noting that Naranjo has separate claims for unpaid vested vacation time and claims against Yum and has no relationship with Initiative, Naranjo requests that the Court appoint Naranjo's counsel as well as Initiative as lead counsels representing different interests - Initiative representing the class encompassed by the overlapping claims in the four actions and Naranjo's counsel representing the class encompassed by the non-overlapping claims in the *Naranjo* Action. Naranjo argues that Initiative

> has never expressed any desire to pursue any
> claim against Yum in the Medlock or Hardiman
> Actions, nor expressed any interest in
> pursuing a vacation claim against Taco Bell.
> Their sudden representation now, years after
> they started the Medlock action against Taco
> Bell, suggest that The Law Offices of Peter
> M. Hart, The Law Offices of Kenneth H. Yoon,
> and Diversity Law Group ... are more
> appropriately named lead counsel with respect
> to the non-overlapping claims, as Naranjo
> Counsels have desire, confidence and success
> so far in pursuing Naranjo's claims against
> Yum.

Naranjo refers to the Manual for Complex Litigation Fourth (Fed. Judicial Center 2004), § 10.224, where, in a discussion of

14

a court's responsibilities in designating appointment of counsel in complex litigation, the Manual recommends that a court consider, among other factors:

> whether designated counsel fairly represent the various interests in the litigation - where diverse interests exist among the parties, the court may designate a committee of counsel representing different interests.

Naranjo argues that her attorneys have met this burden "as they have displayed their interest in pursuing the non-overlapping vacation claim against Taco Bell and the entirety of the Naranjo Complaint against Yum and its subsidiaries, as evidenced by their successful opposition to Yum's prior motion to dismiss."

Naranjo refers to the declarations of her counsel as establishing that they are capable of serving as Interim Lead Counsel for the vacation claim against Taco Bell and the entirety of the Naranjo Action against Yum and its subsidiaries.

The Court concludes from these declarations that Naranjo's counsel has the experience and ability to act as Interim Lead Counsel for the vacation claim against Taco Bell and the entirety of the Naranjo Action against Yum and its subsidiaries. Nonetheless, for purposes of expedition and convenience, Naranjo's request to act as Interim Lead Counsel for the vacation claim against Taco Bell and the entirety of the Naranjo Action against Yum and its subsidiaries is denied.

The Court rules that Initiative will act as Interim Lead Counsel for all purposes through filing and resolution of the motion for class certification. Counsel for Plaintiffs in the

*Leyva* Action and in the *Naranjo* Action will act as liaison counsel for those claims unique to their clients, *i.e.*, the wrongful termination claim in the *Leyva* Action and the vacation claim against Taco Bell and the claims against Yum and its subsidiaries in the *Naranjo* Action. Initiative will have final authority to file the consolidated complaint; to file status conference or scheduling conference statements; to manage, coordinate, and conduct discovery; and to file motions regarding discovery and class certification. Initiative will consult with liaison counsel with regard to the matters of which Initiative has final authority. Liaison counsel have authority to file motions regarding the claims unique to their clients and to file motions to the Court if there are disagreements between Interim Lead Counsel and liaison counsel.

## CONCLUSION

For the reasons stated:

1. Defendants' motions for consolidation of the *Hardiman, Leyva* and *Naranjo* Actions with the *Medlock* Action are GRANTED for all purposes through trial.

2. Medlock's motion to intervene in the *Leyva* Action and the *Naranjo* Action is DENIED;

3. Medlock's motion to appoint Initiative Legal Group as Interim Lead Counsel is GRANTED, subject to the conditions set forth in this Memorandum Decision and Order. Counsel in the *Leyva* Action and Counsel in the *Naranjo* Action shall act as liaison counsel for those claims unique to their clients.

**4.** Initiative Legal Group shall prepare a consolidated complaint to be filed in No. CV-F-07-1314 and shall circulate the proposed consolidated complaint to liaison counsel within 15 days of the filing date of this Memorandum Decision and Order. All future filings in this consolidated action shall designate No. CV-F-07-1314 OWW/DLB.

**4.** The parties shall appear for a case management conference on June 25, 2009 at 8:15 a.m. The parties may appear telephonically.

IT IS SO ORDERED.

**Dated:   May 19, 2009**             /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE